United States v. Melville

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         JOSÉ A. CABRANES,
         BARRINGTON D. PARKER,
                    Circuit Judges,

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                      15-2019

HUGNEL ANDRE, AKA HUGZ,
         Defendant

COURTNEY MELVILLE, AKA TRIX,
         Defendant-Appellant

- - - - - - - - - - - - - - - - - - - -X


FOR APPELLANT:              ANTHONY L. RICCO, New York, New
                            York (Steven Legon, on the
                            brief).

1

**FOR APPELLEE:**                    JO ANN M. NAVICKAS, for Robert L. Capers, United States Attorney for the Eastern District of New York (Kevin Trowel, on the brief).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ross, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Courtney Melville appeals from the judgment of the United States District Court for the Eastern District of New York (Ross, <u>J.</u>) denying his motion to withdraw his guilty plea to an 18 U.S.C. § 924(c) count and sentencing him to 108 months of imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. We affirm because Melville's plea allocution was sufficient to establish aiding and abetting liability for the § 924(c) count and because a waiver bars his appeal of the sentence.

Melville pleaded guilty to one count of Hobbs Act robbery and one count of using or carrying a firearm in connection with that robbery. 18 U.S.C. § 1951 (Hobbs Act); 18 U.S.C. § 924(c) (use of a weapon). The § 924(c) count in the indictment charged him both with the substantive offense

2

and with aiding and abetting the offense pursuant to 18 U.S.C. § 2.  He was also charged with (but did not plead guilty to) one count of conspiracy to commit the robbery.

After pleading guilty, Melville moved to withdraw his plea to the § 924(c) count, arguing that the facts adduced at the allocution were insufficient to establish his guilt. The undisputed facts elicited at Melville's allocution were: 1) that Melville did not carry a gun on his person in connection with the robbery; and 2) that one of Melville's fellow robbers did carry a gun in connection with the robbery.  Melville argued that he could not be held criminally liable for the use of a gun by one of his fellow robbers under a Pinkerton theory because he had neither pleaded guilty to nor been convicted of a conspiracy charge. See Pinkerton v. United States, 328 U.S. 640 (1946).  The district court held that he could be convicted under Pinkerton despite the lack of a conspiracy conviction or plea. The motion to withdraw the guilty plea was accordingly denied.

Both parties observe that the Pinkerton question presented is a novel one in the Second Circuit,[1] but we need

---

[1]The question would seem to be answered in Pacelli v. United States, 588 F.2d 360, 367 (2d Cir. 1978) ("[T]he Pinkerton rationale makes all partners in the enterprise responsible for the acts of the others in carrying it out,

3

not reach it because we can affirm on simpler grounds. United States v. Cramer, 777 F.3d 597, 603 (2d Cir. 2015) ("[W]e are free to affirm a decision on any grounds supported in the record, even if it is not one on which the trial court relied.") (citations omitted). Melville pleaded guilty to a § 924(c) count in the indictment that expressly charged him under the aiding and abetting statute, and his allocution established that he met the two requirements for aiding and abetting a § 924(c) violation. First, he took an affirmative act in furtherance of the crime by participating in the robbery itself. Rosemond v. United States, 134 S. Ct. 1240, 1247 (2014) (holding that participation in the underlying crime is sufficient to fulfill the act requirement for aiding and abetting a § 924(c) violation). Second, he had advance knowledge that one his fellow robbers would carry a gun during the robbery. Id. at 1249. Because the plea allocution provided the necessary factual predicate for Melville's liability, the district court did not err in denying his motion to withdraw the guilty plea. See United States v. Rosen, 409 F.3d 535, 546 (2d Cir. 2005).

Melville also challenges his sentence of 108 months; but his plea agreement waived any right to appeal a sentence

whether a conspiracy is charged or not.") (emphasis added).

4

of 117 months or less.  That waiver is valid and bars his appeal.  <u>United States v. Pearson</u>, 570 F.3d 480, 485 (2d Cir. 2009) (per curiam).

For the foregoing reasons, and finding no merit in Melville's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
