USA v. Cramer

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2014

(Argued: January 15, 2015      Decided: February 10, 2015)

Docket No. 14-761

_____

UNITED STATES OF AMERICA,

*Appellee*,

—v.—

THOMAS CRAMER, AKA Ryan,

*Defendant – Appellant.*

_____

B e f o r e:    KATZMANN, *Chief Judge*, LOHIER and DRONEY, *Circuit Judges.*

_____

Appeal from a district court's sentence of 360 months' imprisonment and 15 years of supervised release (Geraci, *J.*). We hold that: (1) the district court did not procedurally err when it applied a two-level enhancement pursuant to U.S.

1

Sentencing Guidelines Manual ("Guidelines") section 2G1.3(b)(3) for use of a computer in the commission of three sex-trafficking crimes, and (2) any alleged error in the application of the enhancement to a fourth crime was harmless because correcting the purported error would not affect the Guidelines offense-level or sentencing-range calculations.

———————————

JAY S. OVSIOVITCH (Jeffrey L. Ciccone, *on the brief*), Federal Public Defender's Office, Rochester, New York, *for Defendant-Appellant*.

MONICA J. RICHARDS, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York, *for Appellee.*

———————————

KATZMANN, *Chief Judge*:

Defendant Thomas Cramer appeals from a judgment of conviction and sentence of 360 months' imprisonment and 15 years of supervised release, entered on February 21, 2014 by the U.S. District Court for the Western District of New York (Geraci, *J.*), following his guilty plea to four counts of sex trafficking of a minor in violation of 18 U.S.C. § 1591(a)(1) and (b)(2). On appeal, Cramer argues that his sentence was procedurally unreasonable because he received a two-point enhancement under U.S. Sentencing Guidelines Manual ("Guidelines," or "U.S.S.G.") section 2G1.3(b)(3) for use of a computer in the commission of the

2

crimes.[1] This case presents two issues of first impression in this Circuit: First, does the computer-use enhancement under Guidelines subsection 2G1.3(b)(3)(A) apply to a defendant who begins communicating and establishing a relationship with a minor by computer, but then entices the victim through other modes of communication? Second, is Application Note 4 to Guidelines section 2G1.3 plainly inconsistent with subsection 2G1.3(b)(3)(B) and therefore inapplicable to that subsection? We answer both questions in the affirmative. Applying those answers to the facts of this case, we hold that the district court did not err in applying the enhancement to Counts 1, 3, and 4 of the Indictment. Additionally, assuming *arguendo* that the district court erred in applying the enhancement to Count 2, we hold that any alleged error was nevertheless harmless.

---

[1] Cramer also argues that: (1) there was an insufficient factual basis for the district court to have accepted his guilty plea as to one of the counts; (2) his sentence was procedurally unreasonable because he received a two-point Guidelines enhancement for his leadership role in the offense; and (3) his sentence was substantively unreasonable because the district court failed to account for his substantial physical ailments that he contends render his thirty-year sentence a "*de facto* life sentence." We address those issues in a separate order, in which we affirm the district court's judgment and sentence for the reasons stated both in that order and in this opinion.

# BACKGROUND

Defendant Thomas Cramer was charged in a five-count indictment with three counts of sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1) and (b)(2), and two counts of sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1), (a)(2), and (b)(2).

At the plea hearing, Cramer entered a guilty plea as to the first four counts. There were four minor girls — Victims 1–4, respectively — involved in the conduct that provided the basis for the guilty pleas to Counts 1–4. Cramer admitted to recruiting and enticing these girls to engage in commercial sex acts.

On February 20, 2014, at the sentencing hearing, the parties agreed to certain modifications of the calculation in the presentence investigation report ("PSR"), but maintained their disagreement as to other issues. The district court adopted, *inter alia*, a two-level enhancement under Guidelines section 2G1.3(b)(3) on each count for use of a computer in the commission of a sex offense. The district court calculated a Guidelines range of 360 months to life in prison, based on an offense level of 37 and a criminal history category of VI.

After considering the pre-sentencing submissions, each of the relevant sentencing factors, and the parties' statements at sentencing, the district court imposed a concurrent sentence of 360 months' imprisonment on each of the four counts. This appeal followed the timely March 6, 2014 filing of a Notice of Appeal.

**DISCUSSION**

On appeal, Cramer challenges the district court's sentence as procedurally unreasonable. He contends that the district court erred in applying a two-level enhancement under Guidelines section 2G1.3(b)(3) to each count of conviction for use of a computer in the commission of a sex offense.

When reviewing a sentence for reasonableness, we apply "a deferential abuse-of-discretion standard." *United States v. Conca*, 635 F.3d 55, 62 (2d Cir. 2011) (internal quotation marks omitted). "A district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012). However, "[w]here we identify procedural error in a

sentence, but the record indicates clearly that the district court would have imposed the same sentence in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing." *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (internal quotation marks omitted).

This Court reviews a district court's application of the Guidelines *de novo*, while factual determinations underlying a district court's Guidelines calculation are reviewed for clear error. *Conca*, 635 F.3d at 62. While a "district court must make findings with sufficient clarity to permit meaningful appellate review," *United States v. Skys*, 637 F.3d 146, 152 (2d Cir. 2011), this obligation may be satisfied by "explicitly adopt[ing] the factual findings set forth in [a defendant's] presentence report," *United States v. Malki*, 609 F.3d 503, 511 (2d Cir. 2010) (internal quotation marks omitted). A finding of fact is clearly erroneous only if, after reviewing all of the evidence, this Court is left "with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (internal quotation marks omitted).

Section 2G1.3(b)(3) of the Guidelines provides:

> If the offense involved the use of a computer or an interactive computer service to (A) persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct; or (B) entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor, increase by 2 levels.

For ease of reference, we label Guidelines section 2G1.3(b)(3)(A) as the "minor-inducement subsection," or "subsection (b)(3)(A)," and Guidelines section 2G1.3(b)(3)(B) as the "third-party solicitation subsection," or "subsection (b)(3)(B)."

Application Note 4 to Guidelines section 2G1.3 refers to subsection (b)(3) and states that this subsection "is intended to apply only to the use of a computer or an interactive computer service to communicate directly with a minor or with a person who exercises custody, care, or supervisory control of the minor." U.S.S.G. § 2G1.3, Application Note 4. Further, the Note offers an example of conduct that falls outside the scope of subsection (b)(3) — "the use of a computer . . . to obtain airline tickets for the minor from an airline's Internet site." *Id.* But the Application Note does not acknowledge or differentiate between the minor-inducement and third-party solicitation subsections.

When calculating Cramer's Guidelines offense level, the district court applied a two-level enhancement under subsection (b)(3)(A) for Victims 1 and 2 and under subsection (b)(3)(B) for Victims 3 and 4. Cramer challenges both sets of enhancements. Cramer challenges the application of subsection (b)(3)(A) for three reasons: (1) that, as to Victim 1, the district court clearly erred in finding that he contacted the victim online, when he claims that he instead had a personal relationship with her; (2) that, as to Victim 1, even accepting that he first contacted her online, his conduct did not meet the Guidelines standard as a matter of law because he did not actually entice her to engage in prohibited sexual conduct by computer; and (3) that, as to Victim 2, his conduct did not meet the Guidelines standard as a matter of law because he did not actually entice her to engage in prohibited sexual conduct by computer, did not know that she was underage until after he ceased computer communications, and did not use a computer, as is required for purposes of this subsection, when he exchanged text messages with her. As for subsection (b)(3)(B), Cramer contends that, as to both Victims 3 and 4, Application Note 4 to Guidelines section 2G1.3 precludes application of the enhancement because he communicated only with potential

8

third-party customers, and not "directly with a minor or with a person who exercises custody, care, or supervisory control of the minor." *Id.* § 2G1.3, Application Note 4. We consider his arguments in turn.

## I. Challenges to Application of Minor-Inducement Enhancement

### A. Count 1: Challenge to Factual Findings

Cramer first argues that the district court erred in finding that Cramer met Victim 1 on myyearbook.com — the fact that served as the basis for the computer-use enhancement on this count. We find that there is sufficient evidence in the record to support the district court's finding. To the extent that Cramer disputes that he did not communicate with Victim 1 by computer, his statements at his plea colloquy contradict this assertion, as do interviews with others during the PSR investigation. The district court's factual findings were therefore not clearly erroneous.

### B. Count 1: Challenge to Legal Sufficiency of Facts Underlying Enhancement

Next, Cramer argues that the evidence that he began communicating with Victim 1 by computer does not suffice to justify the two-level enhancement under subsection (b)(3)(A). The legal issue at the heart of this dispute is whether the

computer-use enhancement under Guidelines section 2G1.3(b)(3)(A) can apply to a defendant who begins communicating by computer with a minor, but entices that minor to engage in prohibited sexual conduct only through other modes of communication. The question is one of first impression in this Circuit.

The Guidelines provide for a two-level enhancement "[i]f the offense involved the use of a computer or an interactive computer service to (A) persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct." U.S.S.G. § 2G1.3(b)(3). Here, Cramer used the Internet to establish a relationship with Victim 1, which was an integral part of his meeting and eventually enticing her. Even though Cramer did not actually solicit Victim 1's participation in sex trafficking online, such solicitation would not have been possible without the initial contact by computer. The offense therefore "involved the use of a computer." *Id.* As the Sixth Circuit has explained, "[t]o allow a predator to use a computer to develop relationships with minor victims, so long as the ultimate consummation is first proposed through offline communication, would not serve the purpose of the enhancement." *United States*

10

*v. Lay*, 583 F.3d 436, 447 (6th Cir. 2009); *see also United States v. Royal*, 442 F. App'x 794, 798–99 (4th Cir. 2011) (unpublished per curiam). We agree.

We therefore hold that an offense "involve[s] the use of a computer . . . to . . . persuade, induce, entice, [or] coerce . . . [a] minor to engage in prohibited sexual conduct" under Guidelines section 2G1.3(b)(3)(A) when a defendant uses a computer to communicate with a minor and establish a relationship that is the eventual basis for enticing that minor to engage in prohibited sexual conduct, even if the enticement itself does not take place using a computer. Accordingly, the district court did not err in applying the two-level enhancement under subsection (b)(3)(A) to Count 1.

C.    *Count 2: Challenge to Legal Sufficiency of Facts Underlying Enhancement*

Cramer also challenges the application of the enhancement under Guidelines section 2G1.3(b)(3)(A) to Count 2, which related to Cramer's efforts to recruit Victim 2. Cramer raises several challenges to whether his conduct sufficed to warrant the enhancement. He argues that the district court erred because he did not solicit Victim 2 while using a computer, did not learn that she was underage while he communicated with her by computer, and did not use a

11

computer, as understood under this subsection, when he used his cell phone to send text messages to her. Additionally, while Cramer does not explicitly raise the argument that he did not use a computer to "entice" Victim 2 because she was never interested in engaging in prohibited sexual conduct, he does raise a similar argument in his challenge to the sufficiency of the factual basis for his guilty plea to Count 2. Like with Victim 1, Cramer admitted at his plea colloquy that he first contacted Victim 2 on myyearbook.com, so the district court did not err in applying the enhancement for that reason. Nevertheless, to determine whether the district court erred on the other bases, we would have to address some or all of the remaining issues, each of which presents complex and important questions of law that have not previously been resolved in this Circuit.

Fortunately, we need not reach these issues in this case because any error made by the district court would be harmless. An error in Guidelines calculation is harmless if correcting the error would result in no change to the Guidelines offense level and sentencing range. *See United States v. Hertular*, 562 F.3d 433, 448 (2d Cir. 2009); *United States v. Lenoci*, 377 F.3d 246, 256–57 (2d Cir. 2004). Moreover, "we are free to affirm a decision on any grounds supported in the

12

record, even if it is not one on which the trial court relied." *See Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006).

Here, even assuming *arguendo* that the district court erred in applying the two-point enhancement to Count 2, neither Cramer's Guidelines offense level nor his recommended sentencing range would change if the district court were to correct any alleged error. That is because of the way in which the Guidelines range was calculated for these grouped offenses. Under Guidelines section 3D1.4, Count 2 was grouped with Counts 1, 3, and 4 for purposes of the Guidelines calculations. The multiple-count enhancement under that section operates by adding a certain number of points to the highest-level Count within a grouping based on the offense level of the other counts. U.S.S.G. § 3D1.4. Here, the calculated offense level was 36 for Count 1 and 34 for each of Counts 2, 3, and 4. Guidelines section 3D1.4 provides that each count "that is equally serious or from 1 to 4 levels less serious" than the highest-level count would result in one multiple-count "unit." *Id.* § 3D1.4(a). These "units" relating to Cramer's convictions on Counts 1, 2, 3, and 4 then translate into an enhancement of four offense-level points. *See id.* § 3D1.4. Therefore, even without the two-point

13

computer-use enhancement, Count 2 would have an offense level of 32 (instead of 34), which would translate into an identical multiple-count enhancement because each count would still be within four offense levels of Count 1's offense level of 36. This would result in a total offense level of 40. Because Cramer then received a three-level reduction for acceptance of responsibility, his total offense level would be 37, which would translate into a sentencing range of 360 months to life in prison. That offense level and sentencing range are precisely what the district court calculated in this case. As such, any purported procedural error as to the calculation of the computer-use enhancement for Count 2 was harmless.

## II.    Challenges to Application of Third-Party Solicitation Enhancement

Finally, Cramer contends that the district court erred in finding that Application Note 4 to Guidelines section 2G1.3 does not preclude a third-party solicitation enhancement for Counts 3 and 4. The Guidelines clearly require a two-level enhancement "[i]f the offense involved the use of a computer or an interactive computer service to . . . entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with [a] minor." U.S.S.G. § 2G1.3(b)(3)(B). Cramer does not dispute that he posted ads online to solicit third parties to

14

engage in prohibited sexual conduct with Victims 3 and 4. Based on the text of the Guidelines alone, the third-party solicitation enhancement clearly applies to Cramer's conduct.

Nevertheless, apparently relying on Application Note 4 to this Guidelines section, Cramer argues that his posting of ads soliciting third parties to engage in commercial sex with Victims 3 and 4 does not warrant an enhancement. Application Note 4 states that subsection (b)(3) "is intended to apply only to the use of a computer or an interactive computer service to communicate directly with a minor or with a person who exercises custody, care, or supervisory control of the minor." *Id.* § 2G1.3, Application Note 4. Because the third parties for whom he posted these online ads are neither minors nor people exercising custody, care, or supervisory control of minors, Cramer argues that Application Note 4 clearly bars the enhancement on the facts of this case.

As the Supreme Court has explained, Guidelines commentary interpreting or explaining a Guidelines provision "is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that [G]uideline." *See Stinson v. United States*, 508 U.S. 36, 38 (1993). We

must therefore determine, as a matter of first impression in this Circuit, whether Application Note 4 governs subsection (b)(3)(B) of the Guidelines or is instead inconsistent with that provision.

Several other Circuits have confronted similar questions, and the authority is somewhat divided. At least two Circuits — the Fourth and Fifth — have held that conduct similar to Cramer's falls within the plain language of the Guidelines and that the Application Note relates only to the minor-inducement subsection of this provision. *See United States v. Pringler*, 765 F.3d 445, 454–56 (5th Cir. 2014); *United States v. Winbush*. 524 F. App'x 914, 916–17 (4th Cir. 2013) (unpublished per curiam). The most thoroughly reasoned of these opinions is the Fifth Circuit's decision in *Pringler*. That court concluded that Application Note 4 was inconsistent with subsection (b)(3)(B) for two reasons.

First, the *Pringler* court found that "[i]f [it] were to give application note 4 controlling weight, it would render [subsection (b)(3)(B)] inoperable in all but a narrow subset of cases under only one of the numerous criminal statutes the Guideline covers." 765 F.3d at 454. The court explained:

> We can come up with no scenario in which conduct made criminal by [18 U.S.C.] § 1591 could satisfy *both* [subsection

16

(b)(3)(B)] and application note 4. Rather, we can conceive of only one scenario in which other criminal offenses [covered by this Guideline] could satisfy *both* provisions. Section 2422(b) criminalizes "knowingly persuad[ing], induc[ing], entic[ing], or coerc[ing] any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2422(b). An individual could commit that crime by using a computer to communicate with the minor's custodian in order to persuade the minor to engage in prohibited sexual activity, either with the defendant or the custodian. Based on our review, no other scenario would make the application note consistent with [subsection (b)(3)(B)].

*Id.* (citations omitted). This led the court "to conclude that the application note 'can't mean what it says.'" *Id.* (quoting *Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 510–11 (1989)).

Second, the court examined the Guideline provision's drafting history and "conclude[d] that application note 4's coverage of [subsection (b)(3)(B)] is itself the result of a drafting error." *Id.* The court analyzed the predecessor provision to subsection (b)(3), which covered the promotion of a commercial sex act with another, regardless of the victim's age. *See id.* at 455 (discussing U.S.S.G. § 2G1.1 (2003) (effective until Nov. 1, 2004)).

The old version of Guidelines section 2G1.1 contained a substantive provision and application note that were nearly identical to the new Guidelines

17

section 2G1.3(b)(3) and accompanying Application Note 4. Specifically, the old

version of Guidelines section 2G1.1(b)(5) stated:

> If a computer or an Internet-access device was used to (A)
> persuade, induce, entice, coerce, or facilitate the travel of, a
> minor to engage in a commercial sex act; or (B) entice,
> encourage, offer, or solicit a person to engage in prohibited
> sexual conduct with a minor, increase by 2 levels.

U.S.S.G. § 2G1.1(b)(5) (2003). The accompanying Application Note 8 stated:

> Subsection (b)(5)*(A)* is intended to apply only to the use of a
> computer or an Internet-access device to communicate
> directly with a minor or with a person who exercises custody,
> care, or supervisory control of the minor. Accordingly, the
> enhancement in subsection (b)(5)*(A)* would not apply to the
> use of a computer or Internet-access device to obtain airline
> tickets for the minor from an airline's Internet site.

*Id.*, Application Note 8 (emphasis added). Under the old version of the

Guidelines, the scope of the Application Note was clearly limited to the minor-

inducement subsection ("subsection (b)(5)(A)"), and not to the third-party

solicitation subsection, which would have been subsection (b)(5)(B).

The *Pringler* court then described the Sentencing Commission's revisions to

the Guidelines, which took effect on November 1, 2004. *Pringler*, 765 F.3d at 455.

The new Guidelines section 2G1.1 covered only offenses that did not involve

minors. U.S.S.G., app. C, vol. III, amend. 664, at 25–31 (2014) (effective Nov. 1,

18

2004). The same amendment also explained that offenses involving a minor victim were now to be sentenced under Guidelines section 2G1.3. *Id.* at 33. The new Guidelines section 2G1.3 incorporated the same language and commentary of the old Guidelines section 2G1.1 involving minors, *see* U.S.S.G. § 2G1.3 (2014), but the new Application Note 4 to section 2G1.3 contained one significant difference: "That note which applied explicitly only to subpart (A) of § 2G1.1(b)(5) now applied to *both provisions* of (b)(3)." *Pringler*, 765 F.3d at 455. This is why, according to the *Pringler* court, it "was a mere drafting error." *Id.* As a result, the court concluded that Application Note 4 was inconsistent with and therefore did not control the plain language of subsection (b)(3)(B). *See id.* at 455–56.

But not all courts that have considered this issue have held that Application Note 4 is inconsistent with subsection (b)(3)(B). The Seventh Circuit, for example, has interpreted subsection (b)(3)(B) and Application Note 4 in a way that is at least partially consistent with Cramer's position. *See United States v. Patterson*, 576 F.3d 431, 443 (7th Cir. 2009). The *Patterson* court reversed a district court's application of a two-level third-party solicitation enhancement because of Application Note 4. *Id.* Specifically, the court held that the enhancement did not

19

apply in spite of its plain language because "no computers were used to communicate directly with the victim or the victim's custodian." *Id.* (internal quotation marks omitted).

We conclude that Application Note 4 is plainly inconsistent with subsection (b)(3)(B). Guidelines section 2G1.3(b)(3) has two distinct subsections, one relating to inducement of a minor and the other relating to solicitation of a third party. The plain language of subsection (b)(3)(B) is clear, and there is no indication that the drafters of the Guidelines intended to limit this plain language through Application Note 4. Rather, as the Fifth Circuit held, we should disregard Application Note 4 in the context of subsection (b)(3)(B) because the two provisions are plainly inconsistent. *Pringler*, 765 F.3d at 454; *see also Stinson*, 508 U.S. at 38. We cannot reconcile Application Note 4 with the third-party solicitation subsection if that subsection is to have any practical effect with respect to the conduct criminalized by 18 U.S.C. § 1591. *See Pringler*, 765 F.3d at 454.[2] We

---

[2] Although it is not necessary to our disposition of the issues, we are also persuaded by the Fifth Circuit's analysis of the drafting history of Application Note 4 and conclude that the application of the Note to subsection (b)(3)(B) was most likely the result of a drafting error that occurred during the modification of the Guidelines provision. *See Pringler*, 765 F.3d at 454–55.

are also not persuaded by the *Patterson* court's analysis. *Patterson* is distinguishable on its facts because the defendant in that case was not actually the individual soliciting third parties online; rather, another minor who was working as a prostitute for the defendant's half-brother posted the online third-party solicitations. *See Patterson*, 576 F.3d at 434; *see also Pringler*, 765 F.3d at 454 n.4; *Winbush*, 524 F. App'x at 916.[3]

For these reasons, we hold that Application Note 4 does not preclude an enhancement under Guidelines section 2G1.3(b)(3)(B) when a defendant solicits

_____

[3] The Eleventh Circuit has also indicated an inclination to support Cramer's interpretation of Application Note 4 and subsection (b)(3)(B), but did not actually decide the issue. *See United States v. Madkins*, 390 F. App'x 849, 851–52 (11th Cir. 2010). In *Madkins*, the Eleventh Circuit considered the appropriateness of a two-level enhancement when the defendant solicited a third party's participation in prohibited sexual activity with a minor. The court indicated that "the district court arguably erred in applying this two-level enhancement" because "nothing in the record suggests, as the commentary requires, that Madkins used a computer or interactive computer service to communicate directly with [the minor victims] or with a person who exercised care or custody of them." *Id.* at 851. Ultimately, however, the court did not reach the question of "whether the commentary is inconsistent with or a plainly erroneous reading of the guideline" because the defendant failed to show that any error affected his substantial rights, as was required under the applicable plain-error standard. *Id.* at 852. Because the *Madkins* court did not decide the question of whether the Application Note was inconsistent with the Guidelines provision, we do not find the decision relevant to our analysis.

third parties to engage in prohibited sexual conduct with a minor, even if neither the minor nor someone who exercises custody, care, or supervisory control over the minor is involved directly in the communication. The district court therefore did not err in applying the two-level enhancement under subsection (b)(3)(B) to Counts 3 and 4.

## CONCLUSION

For the reasons stated herein, we hold that the district court did not err in applying the enhancement under Guidelines section 2G1.3(b)(3) to Counts 1, 3, and 4. Additionally, we hold that even assuming *arguendo* that the district court erred in applying the enhancement to Count 2, any alleged error was harmless.