16-3271 (L)
United States v. Ray

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO
A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS
GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S
LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH
THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY
CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT
REPRESENTED BY COUNSEL.

        At a stated term of the United States Court of Appeals for
the Second Circuit, held at the Thurgood Marshall United States
Courthouse, 40 Foley Square, in the City of New York, on the
31st day of October, two thousand seventeen.

        PRESENT:
                DENNIS JACOBS,
                GERARD E. LYNCH,
                        Circuit Judges,
                PAUL A. CROTTY,*
                        District Judge.
_____

UNITED STATES OF AMERICA,
        Appellee,

        -v.-                                                16-3271 (Lead)
                                                            16-3281 (Con)

STEVEN RAY,
        Defendant-Appellant.
_____

FOR DEFENDANT-APPELLANT:        JASON E. ABBOTT, Fitzimmons, Nunn
                                & Plukas, LLP, Rochester, NY.

_____

        *       Judge Paul A. Crotty, United States District Court for
the Southern District of New York, sitting by designation.

**FOR APPELLEE:**                    JOSEPH J. KARASZEWSKI, Assistant
                                     United States Attorney, for James
                                     P. Kennedy, Jr., Acting United
                                     States Attorney for the Western
                                     District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Steven Ray pleaded guilty in the United States District Court for the Western District of New York (Larimer, J.) to a two-count information charging him with mail fraud and forgery of Treasury checks, and to obstruction of justice in connection with the sentencing on the mail fraud and forgery counts. He raises procedural and substantive challenges to his sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In advance of sentencing on the mail fraud and forgery counts, Ray's counsel submitted a letter to the court that was ostensibly written by J.L., a "paraplegic young man" for whom Ray had previously given care. When the government demonstrated that this letter too was a forgery, Ray threatened and intimidated J.L. into writing a new letter to submit to the district court. An indictment followed, and Ray pleaded guilty to one count of obstructing an official proceeding. The district court, considering both the original information and subsequent indictment together, sentenced Ray to an above-Guidelines sentence of 84 months' imprisonment.[1] Ray appeals. We review sentences using a "deferential abuse-of-discretion standard." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks and citation omitted).

**1.** Ray challenges the two-level vulnerable-victim enhancement to the obstruction charge. See id. at 190 ("A district court commits procedural error where it . . . makes a mistake in its Guidelines calculation[.]"). However, the

---

[1] The applicable Guidelines range was 57 to 71 months.

Guidelines dictated that the obstruction count be grouped with, and subsumed by, the more severe mail fraud and forgery counts. See U.S.S.G. §§ 3D1.2(a), 3D1.3(a). And as Ray's brief concedes, "the vulnerable victim enhancement ha[d] no practical effect on [his] overall total offense level." Pet'r's Br. 15. Accordingly, any error in applying that enhancement was harmless. United States v. Cramer, 777 F.3d 597, 603 (2d Cir. 2015) ("An error in Guidelines calculation is harmless if correcting the error would result in no change to the Guidelines offense level and sentencing range.").

**2.** Ray claims that the district court failed to apply an acceptance of responsibility reduction. See U.S.S.G. 3E1.1(a) ("If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels."). This argument easily fails. "A district court's decision to deny credit for acceptance of responsibility, primarily a factual determination, will be upheld unless it is 'without foundation.'" United States v. Kumar, 617 F.3d 612, 635 (2d Cir. 2010) (quoting United States v. Harris, 13 F.3d 555, 557 (2d Cir. 1994)).

The district court cited Ray's statement (during a polygraph examination) that, notwithstanding his guilty plea, he was innocent of the fraud and forgery charges and believed he did not owe restitution. In any event, when (as here) an obstruction enhancement is applied under U.S.S.G § 3E1.1, the defendant is usually not entitled to an acceptance of responsibility reduction. See U.S.S.G § 3E1.1 cmt.n.4. For these reasons, we decline to disturb the district court's determination.

**3.** Ray also challenges the substantive reasonableness of his sentence. "We will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" Cavera, 550 F.3d at 189 (quoting United States v. Rigas, 490 F.3d 208, 238 (2d Cir. 2007)).

3

The above-Guidelines sentence was not an abuse of discretion. Ray was a key figure in serious criminal activity involving more than 100 fraudulent checks, totaling more than a quarter million dollars; he repeatedly attempted to cover up his criminal activity by lying to investigators; he submitted a forged document to the court; and he intimidated J.L. in an effort to mask his deception. We cannot say that the district court's decision to impose a sentence of 84 months was outside the range of permissible decisions.

Ray challenges the imposition of an above-Guidelines sentence based on conduct already captured by a two-level obstruction enhancement applied to the mail fraud and forgery counts. "When a factor is already included in the calculation of the [G]uidelines sentencing range, a judge who wished to rely on that same factor to impose a sentence above or below the range must articulate specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the [G]uidelines calculation." United States v. Sindima, 488 F.3d 81, 86 (2d Cir. 2007) (alterations in original) (internal quotation marks and citation omitted).

Based on our review of the record, the district court did not abuse its discretion here. The court acknowledged that the obstruction charge resulted in a two-point enhancement on the mail fraud and forgery counts, but explained that in its view, the enhancement was insufficient to account for Ray's conduct. Because the vulnerable-victim finding had no effect on the Guidelines calculation, and because the court determined that Ray "took advantage of J.L. to get him to sign [the letter] by bullying," App'x at 310-11, the court did not abuse its discretion in finding the obstruction here distinct from the "ordinary situation covered by the [G]uidelines." Sindima, 488 F.3d at 86 (alteration in original) (internal quotation marks and citation omitted).

4

Ray argues that his sentence cannot be justified in light of sentences handed down by other courts in this Circuit for similar conduct.  However, "there is a wide variety of culpability amongst defendants," id. at 192, and courts are required only to consider "sentence disparities among defendants with similar records who have been found guilty of the same conduct," 18 U.S.C. § 3553(a)(6).  We reject the comparisons suggested by Ray and find that the district court did not abuse its discretion with respect to § 3553(a)(6).

**4.**    Finally, Ray argues that the district court "ignored" alleged mischaracterizations within the government's sentencing materials and thereby failed to rule on disputed points in violation of Fed. R. Crim. P. 32(i)(3)(B).[2] Pet'r's Br. 21.  Since the objection is unpreserved, we review only for plain error.  See United States v. Wagner-Dano, 679 F.3d 83, 90 (2d Cir. 2012).  "To be 'plain,' an error must be so obvious that 'the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it.'"  Id. at 94 (quoting United States v. Frady, 456 U.S. 152, 163 (1982)).  In any event, the alleged government misrepresentations, considered individually and collectively, were at most on the periphery of the district court's sentencing calculus.  Ray's argument is accordingly rejected.

For the foregoing reasons, and finding no merit in Ray's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] "At sentencing, the court . . . must--for any disputed portion of the presentence report or other controverted matter--rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing."  Fed. R. Crim. P. 32(i)(3)(B).