17-2047-cr
United States v. Medina

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of May, two thousand eighteen.

PRESENT: JON O. NEWMAN,
PETER W. HALL,
SUSAN L. CARNEY,
*Circuit Judges*.

-----------------------------------------------------------------------
United States of America,

       *Appellee*,

       v.                                  No. 17-2047-cr

Hector Medina, AKA Shorty,

       *Defendant-Appellant*,

Alex Rodriguez, AKA Gordo,

       *Defendant*.*
-----------------------------------------------------------------------
For Appellant:                       Jill R. Shellow and Benjamin Silverman, Law Offices of Jill R. Shellow, New York, New York.

---

\* The Clerk of Court is respectfully directed to amend the caption as above.

| For Appellee: | Daniel B. Tehrani, Matthew Podolsky, and David Zhou, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York. |
|---|---|

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on June 21, 2017, is **AFFIRMED**.

In 2017, Defendant Hector Medina ("Medina") pleaded guilty to a two-count indictment charging him with conspiracy to distribute heroin, in violation of 21 U.S.C. § 846, and distribution and possession with the intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The district court found that these convictions made Medina a "career offender" under § 4B1.1(a) of the United States Sentencing Guidelines (the "Guidelines"). In reaching that determination, the district court relied on Medina's 2002 New York state conviction for robbery in the first degree ("state robbery conviction") and his subsequent convictions on sixteen Hobbs Act conspiracy and substantive robbery counts ("federal robbery convictions"). The district court applied the Career Offender Guidelines and found that Medina's adjusted offense level was 34 and his Criminal History Category was VI, resulting in a Guidelines range of 262 to 327 months' imprisonment. The court sentenced Medina to 240 months' imprisonment to be followed by five years of supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

2

### I.     Application of § 4B1.1

Medina does not dispute that his instant convictions are controlled substance offenses and that his state robbery conviction and federal robbery convictions qualify as crimes of violence. Rather, Medina argues that he is not a career offender because the district court was required to treat all his robbery convictions as the same offense because one of the conspiracy counts in his federal case relied on his state robbery conviction as the overt act in furtherance of the conspiracy. Medina asserts that the district court was required to treat the convictions as the same sentence because when he was sentenced in 2007, the district court treated his state robbery conviction as relevant conduct rather than ascribing it criminal history points.

We review "a district court's application of the Guidelines *de novo*, while factual determinations underlying a district court's Guidelines calculation are reviewed for clear error." *United States v. Cramer*, 777 F.3d 597, 601 (2d Cir. 2015).   Section 4B1.1 of the Guidelines treats a defendant as a "career offender" if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).   The Guidelines define "two prior felony convictions" to mean: "(1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense . . . , and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c)."   U.S.S.G. § 4B1.2(c).

When Medina was sentenced in 2007, the Guidelines directed district courts to count prior sentences separately unless they were "related," or "resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." U.S.S.G. § 4A1.2(a)(2) & app. n.3 (2006). In November 2007, the United States Sentencing Commission amended the Guidelines and struck this language in favor of the bright-line test now contained in U.S.S.G. § 4A1.2(a). Under the current version of § 4A1.2(a), in the absence of an intervening arrest between offenses, "prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." U.S.S.G. § 4A1.2(a)(2).

The district court correctly found that Medina has two prior convictions for crimes of violence. Medina's state robbery conviction and federal robbery convictions were charged in different charging instruments, and the sentences for the convictions were imposed on different days. Section 4A1.2(a)(2), therefore, considers the convictions separate for purposes of determining criminal history points. Consequently, pursuant to § 4B1.1(a), Medina has "at least two prior felony convictions" for crimes of violence and is a career offender.

This result is not upset by the district court's decision when it sentenced Medina in 2007 to treat his state robbery conviction as related conduct. It is axiomatic that "[w]hen imposing sentence the Guidelines to be used are those in effect on the date of sentencing, unless such application implicates the *Ex Post Facto* Clause of Article I of the Constitution." *United States v. Reese*, 33 F.3d 166, 173 (2d Cir. 1994) (citing 18 U.S.C. § 3553(a)(4)). "An *ex post facto* problem normally arises when the version of the Guidelines used at sentencing results in a more severe sentence than that which would have resulted had the Guidelines version in effect at the

4

time of commission of the crime been applied." *United States v. Rodriguez*, 989 F.2d 583, 587 (2d Cir. 1993). Because Medina's conduct that formed the basis of the instant convictions post-dated the November 2007 amendments to the Guidelines, there is no *ex post facto* or other legal basis to apply the pre-amendment version of the Guidelines. *See id.*

## II. Procedural and Substantive Unreasonableness

Medina submits that his sentence is substantively unreasonable because the district court "irrationally concluded that a single instance in which Mr. Medina served as a getaway car driver should be counted as two convictions for crimes of violence for purposes of applying U.S.S.G. § 4B1.1's Career Offender enhancement." Appellant's Br. at 22.

We review sentencing determinations for both substantive and procedural reasonableness. *United States v. Cavera*, 550 F.3d 180, 189–90 (2d Cir. 2008) (en banc). A sentence is procedurally unreasonable if the district court "fails to calculate the Guidelines range[,] . . . makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory." *Id.* at 190. Likewise, a district court errs procedurally if it "does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *Id.* "A sentence is substantively unreasonable if it 'cannot be located within the range of permissible decisions.'" *United States v. Jenkins*, 854 F.3d 181, 187 (2d Cir. 2017) (quoting *Cavera*, 550 F.3d at 189). "Our review of a sentence for substantive reasonableness is governed by the factors set forth in 18 U.S.C. § 3553(a)," and "[w]e evaluate . . . whether each sentencing factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *Id.* at 187–88 (internal quotation marks omitted).

For the reasons already discussed, Medina's sentence is procedurally reasonable. The district court correctly applied the Guidelines and treated Medina's state robbery conviction and federal robbery convictions as separate convictions supporting the career offender enhancement. The district court's sentence, moreover, is substantively reasonable. The district court's sentence is supported by its analysis of Medina's history and characteristics and its assessment of the need to protect the public from Medina's future crimes. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(C). Medina has a lengthy criminal history involving several violent crimes and controlled substance offenses. The district court's 240-month sentence, therefore, fits comfortably within in the broad range of sentences that would be reasonable to impose in these circumstances. *See Jenkins*, 854 F.3d at 187.

We have considered Medina's remaining arguments and find them to be without merit. We **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court