21-2573
*United States v. Keita*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand twenty-two.

Present:
> ROSEMARY S. POOLER,
> ROBERT D. SACK,
> ALISON J. NATHAN,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                          21-2573-cr

ALSENY KEITA, AKA SEALED DEFENDANT 1,

> *Defendant-Appellant*.[1]

---

For Appellee:                    KEDAR S. BHATIA, Assistant United States Attorney (David Abramowicz, Assistant United States Attorney, *on the brief*),

---

[1] The Clerk of Court is directed to amend the caption as above.

*for* Damian Williams, United States Attorney for the Southern District of New York, New York, New York.

For Defendant-Appellant:        M<span>ATTHEW</span> K<span>ELLER</span>, Barket Epstein Kearon Aldea & LuTurco, LLP, Garden City, New York.

Appeal from the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on October 1, 2021, is **AFFIRMED**.

Defendant-Appellant Alseny Keita appeals from the sentence of the United States District Court for the Southern District of New York (Caproni, *J.*). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On March 23, 2021, Keita pled guilty to one count of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2, one count of bank fraud, in violation of 18 U.S.C. §§ 1344 and 2, and one count of conspiracy to commit wire fraud and bank fraud, in violation of 18 U.S.C. § 1349. The district court sentenced Keita to 18 months' imprisonment, to be followed by a 5-year term of supervised release, and imposed restitution in the amount of $305,385.57. Keita challenges the procedural reasonableness of his sentence.

A district court commits a procedural error when it fails to calculate the Guidelines range (unless omission of the calculation is justified), makes a mistake in its Guidelines calculation, treats the Guidelines as mandatory, does not consider the factors in 18 U.S.C. § 3553(a), rests its sentence on a clearly erroneous finding of fact, or "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). We review the "district court's applications of the Guidelines *de novo,* while factual determinations underlying

a district court's Guidelines calculation are reviewed for clear error." *United States v. Cramer*, 777 F.3d 597, 601 (2d Cir. 2015).

Keita makes two arguments to challenge the procedural reasonableness of his conviction, but both are unavailing. First, Keita argues that the district court improperly calculated his loss amount of $305,385.57 because that figure represents not just his deposits captured on surveillance video, but the total value of all checks deposited in the bank accounts he accessed. The district court concluded that the full amount of checks that flowed through those accounts were both within the scope of Keita's conspiratorial agreement and foreseeable to him. This was a reasonable interpretation of the evidence, and the district court's findings were sufficiently particularized to attribute this loss amount to Keita. *See United States v. Getto*, 729 F.3d 221, 234 (2d Cir. 2013); JA-222-24. We therefore find no error, let alone clear error. Even if the loss amount calculation were error, the district court stated that even a loss amount $100,000 less would not change the sentence it ultimately imposed. Thus, we conclude that any error on the loss amount calculation was harmless and does not warrant vacatur of Keita's sentence. *See United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009).

Second, Keita argues that the district court failed to consider the need to avoid unwarranted sentencing disparities when it imposed his sentence of 18 months' incarceration. The district court identified at least four differences between Keita and co-defendants Toure and Dukuray for sentencing. These findings were not clearly erroneous. Nor was the district court's decision to impose the same sentence on Keita as it later imposed on Sylla, the alleged "mastermind" of the conspiracy. Although Sylla was more culpable in the conspiracy, Sylla took responsibility for his criminal conduct and cooperated with the government after he was arrested.

3

Keita, in contrast, fled the country and lied to authorities when he was finally arrested. These facts provide a "reasonable explanation" for the sentences. *See United States v. Ebbers*, 458 F.3d 110, 129 (2d Cir. 2006).

We have considered the remainder of Keita's arguments and find them to be without merit. The judgment of the district court is hereby AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk