21-2803-cr
*United States v. George*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand twenty-two.

PRESENT: JOSÉ A. CABRANES,
     RICHARD J. SULLIVAN,
     WILLIAM J. NARDINI,
       *Circuit Judges.*

---

UNITED STATES OF AMERICA,

     *Appellee,*          21-2803-cr

   v.

KORY LEE GEORGE,

     *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Barclay T. Johnson, Assistant Federal Public Defender for Michael L. Desautels, Federal Public Defender for the District of Vermont, Burlington, VT. |
| **FOR APPELLEE:** | Nathanael T. Burris, Assistant United States Attorney (Gregory L. Waples *on the brief*) for Nikolas P. Kerest, United States Attorney for the District of Vermont, Burlington, VT. |

Appeal from a judgment of the United States District Court for the District of Vermont (Christina Reiss, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Kory Lee George appeals from a judgment of the District Court sentencing him principally to an 89-month term of imprisonment for being a felon in possession of a firearm. As part of its sentencing decision, the District Court applied a two-level enhancement for an offense involving between three and seven firearms, pursuant to Section 2K2.1(b)(1)(A) of the United States Sentencing Guidelines ("Guidelines") and a four-level enhancement for possessing any firearm in connection with another felony offense, pursuant to Section 2K2.1(b)(6)(B) of the Guidelines.[1] The District Court applied the enhancements after concluding that the Government proved by a preponderance of the evidence that George "played a role" in a burglary of a New York "camp" owned by the Delibac family during which he took at least three firearms. J.A. 62.[2] Except for one footnote not relevant here, George did not object to "the facts in the presentence report [PSR]" or claim that they were "inaccurate." J.A. 32. He did object to the application of the two- and four-level enhancements.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. "Disputed facts supporting sentencing calculations under the Guidelines need only be proven by a preponderance of the evidence, and the sentencing court's findings may not be disturbed on appeal unless clearly erroneous." *United States v. Pimentel*, 932 F.2d 1029, 1031 (2d Cir. 1991) (internal citations omitted). "A finding of fact is clearly erroneous only if, after reviewing all of the evidence, this Court is left 'with the definite and firm conviction that a mistake has been committed.'" *United States v. Cramer*, 777 F.3d 597, 601 (2d Cir. 2015) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)).

On appeal, George "presents a largely factual challenge" and argues that the District Court committed clear error because "basic aspects of the government's theory were provably false." Def.-App. Br. at 6, 25. We conclude that the District Court did not err, much less clearly err.

---

[1] Section 2K2.1(b)(6)(B) applies "in a case in which a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary." U.S. Sent'g Guidelines Manual § 2K2.1(b)(6)(B) cmt. 14(B) (U.S. Sent'g Comm'n 2021).

[2] The PSR concluded that the conduct underlying the enhancements had not been proven by a preponderance of the evidence. PSR ¶ 30.

George did not contest the PSR's factual finding that "[c]ell site data obtained from the phone [associated with George's phone number] showed that the phone had been in or around the vicinity of the Delibac camp in upstate New York on April 22, 2019." PSR ¶ 21; J.A. 34; *see United States v. Rizzo*, 349 F.3d 94, 99 (2d Cir. 2003) ("[I]f a defendant fails to challenge factual matters contained in the presentence report at the time of sentencing, the defendant waives the right to contest them on appeal."). Text messages between George and his mother on April 13, 2019, in which George references a "camp" and a need for a car with "New York plates" that is not "associated with anyone in the family" to drive into New York support a finding that he participated in the burglary. J.A. 93. Photographs on George's phone of distinctive property reported stolen from the Delibac camp—including a DeWalt charging station with "Delibac" written on it, SOG brand throwing knives, and a crystal skull vodka bottle—support a finding that George participated in the burglary. Indeed, the photo of the charging station was taken on April 22, 2019, at 4:38 p.m., the day on which George did not contest cell site data placed his cell phone near the Delibac camp. J.A. 45.

George further argues that the rental truck allegedly used to complete the burglary traveled only 124 miles between April 19, 2019, and April 23, 2019, which was not enough mileage to get from the rental site to the Delibac camp and back. But the rental records are inconclusive. They show that George returned the truck on April 23, 2019, at 9:06 a.m. with a reported mileage of 31,803. J.A. 95. They also show that the next rental commenced later that day, and the reported "checkout mileage" was 33,161—1,358 miles greater than the miles reported when George returned the vehicle. Because the mileage counts in the rental records are inconsistent, they are inconclusive, and therefore, they do not undermine the District Court's finding that George participated in the burglary of the Delibac camp.

Finally, regarding the stolen firearms, George pleaded guilty to possessing a shotgun he knew was stolen, and he does not contest that the shotgun was sold to Kirk Delibac. J.A. 11–12; PSR ¶ 16. An April 27, 2019 note on George's phone contains a list of additional firearms, at least three of which were "consistent with the items that were reported stolen from the camp," according to testimony presented at the sentencing hearing by a special agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. J.A. 46. The District Court did not err in concluding that George found and took at least three firearms during the burglary.

## CONCLUSION

The District Court did not err, much less clearly err, in finding that George participated in the burglary and that during the burglary he found and took at least three firearms. Having reviewed all of the arguments raised by appellant on appeal and found them to be without merit, we **AFFIRM** the District Court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court