17-4010-cv
Tobin v. The Rector

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of August, two thousand eighteen.

Present:     JON O. NEWMAN,
             ROSEMARY S. POOLER,
                      *Circuit Judges*.
             DENISE COTE,[1]
                      *District Judge*.

_____

STEVEN TOBIN,

                      *Plaintiff-Appellant*,

                  v.                                    17-4010-cv

THE RECTOR, CHURCH-WARDENS, AND VESTRYMEN OF
TRINITY CHURCH, IN THE CITY OF NEW YORK,

                      *Defendant-Appellee*.

_____

Appearing for Appellant:     Gale P. Elston (Steven S. Honigman, *on the brief*), New York, N.Y.

Appearing for Appellee:      Peter W. Tomlinson (Elizabeth C. Quirk, Leigh E. Barnwell, *on the brief*), Patterson Belknap Webb & Tyler LLP, New York, N.Y.

---

[1] Judge Denise Cote, United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Schofield, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

        Appellant Steven Tobin appeals from the November 16, 2017 judgment entered by the United States District Court for the Southern District of New York, dismissing his claims against Defendant Trinity Church, appearing in this action through its Rector, Church Wardens, and Vestrymen ("Trinity"). Tobin's suit relates to a 9/11 memorial sculpture that he created, which was previously located at Trinity Church in lower Manhattan. Though Tobin brought claims under federal and state law, on appeal he defends only the claims brought under the Visual Artists Rights Act of 1990 ("VARA"), specifically those brought pursuant to 17 U.S.C. § 106A(a)(2) and (a)(3)(A). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

        "We review the district court's grant of a motion to dismiss *de novo*." *IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015). "VARA was enacted in 1990 as an amendment to the Copyright Act, to provide for the protection of the so-called 'moral rights' of certain artists." *Pollara v. Seymour*, 344 F.3d 265, 269 (2d Cir. 2003). "With numerous exceptions, VARA grants three rights: the right of attribution, the right of integrity and, in the case of works of visual art of 'recognized stature,' the right to prevent destruction." *Carter v. Helmsley-Spear, Inc.*, 71 F.3d 77, 83 (2d Cir. 1995) (citing 17 U.S.C. § 106A). "The rights cannot be transferred, but may be waived by a writing signed by the author." *Id.* VARA provides that the artist must "expressly agree[]" to any waiver, and that the writing memorializing the waiver "shall specifically identify the work, and uses of that work, to which the waiver applies, and the waiver shall apply only to the work and uses so identified." 17 U.S.C.§ 106A(e)(1).

        Here, Tobin argues that Trinity impermissibly modified his work, in violation of VARA, when it relocated the sculpture from Trinity Church in lower Manhattan to a seminary in Connecticut. He asserts that the sculpture is site specific, and was created for its original location at Trinity Church. Thus, he argues, by moving the sculpture, Trinity has violated the integrity of the piece. However, in a written agreement signed by the parties prior to the sculpture's installation, Tobin affirmed that Trinity "has not promised the public exhibition of the Sculpture, and that Trinity may loan the Sculpture to third parties as Trinity deems appropriate." App'x at 84. Because either of these actions would require Trinity to physically move the sculpture, we conclude that Tobin waived any right he may have held under VARA to maintain the piece specifically at Trinity churchyard. Tobin "expressly agree[d]" to this "use[] of [his] work," in conformance with the waiver requirements of VARA. 17 U.S.C.§ 106A(e)(1). Accordingly, dismissal of Tobin's claims premised on the modification resulting from the relocation of the piece was appropriate.

        While the district court did not decide the question of waiver, instead finding that VARA's public presentation exception applied, "we are free to affirm a decision on any grounds

supported in the record, even if it is not one on which the trial court relied." *United States v. Cramer*, 777 F.3d 597, 603 (2d Cir. 2015).

      We have considered the remainder of Tobin's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED. Each side to bear its own costs.

                                  FOR THE COURT:
                                  Catherine O'Hagan Wolfe, Clerk