23-6773-cr
*United States v. Barnes*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand twenty-four.

Present:
> MICHAEL H. PARK,
> EUNICE C. LEE,
> MYRNA PÉREZ,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                 23-6773-cr

ANDRE BARNES,

> *Defendant-Appellant.*\*

---

FOR APPELLEE:                              Christopher D. Brumwell, Emily A. Johnson, and Olga I. Zverovich, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR DEFENDANT-APPELLANT:        Esereosonobrughue J. Onaodowan,
Onaodowan & Delince, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On March 28, 2023, Andre Barnes pleaded guilty to one count of unlawfully possessing ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1). The government charged Barnes after he fired ten to fifteen shots at Majestine Foster during an altercation. On July 29, 2023, the district court calculated a Sentencing Guidelines range of 120 to 150 months' imprisonment under the cross-reference applicable when unlawfully possessed ammunition is used to commit attempted second-degree murder. *See* U.S.S.G. § 2A2.1(a)(2). The court sentenced Barnes to 120 months' imprisonment, the statutory maximum under 18 U.S.C. § 924(a)(2), followed by three years of supervised release. Barnes appeals, arguing that his sentence is both procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

## I.      Procedural Reasonableness

"A district court commits procedural error where it fails to calculate the Guidelines range[,] . . . makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory[,] . . . does not consider the § 3553(a) factors, . . . rests its sentence on a clearly erroneous finding of fact[,]" or "fails adequately to explain its chosen sentence" with "an explanation for any deviation from the Guidelines range." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). "[F]actual determinations underlying a district court's

Guidelines calculation are reviewed for clear error." *United States v. Cramer*, 777 F.3d 597, 601 (2d Cir. 2015). "A finding of fact is clearly erroneous only if, after reviewing all of the evidence, this Court is left with the definite and firm conviction that a mistake has been committed." *Id.* (quotation marks omitted). We apply a "rigorous plain error" standard of review when a defendant did not raise his claim of procedural error before the district court. *United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007). To show plain error, a defendant must establish that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (cleaned up).

Barnes asserts that the district court's sentence is procedurally unreasonable because it (1) erred in calculating his Guidelines range, and (2) did not sufficiently consider the sentencing factors in 18 U.S.C. § 3553(a). These arguments are without merit.

First, Barnes argues that the district court should have applied the lesser Guidelines cross-reference for aggravated assault because his "intent was not to kill the victim, but to eliminate the threat to his life by . . . injuring the victim." App'x at 62; Appellant's Br. at 11. The district court rejected that argument and applied the attempted second-degree murder cross-reference after finding that Barnes had an intent to kill when he "pointed his gun at [Foster] and fired 10 to 15 times at close range" and "did not retreat" after Foster fired the first shot. App'x at 112. The record supports this finding. Surveillance footage from the shooting shows that Barnes did not attempt to flee after Foster fired his first and only shot. Instead, Barnes stood still as he fired ten

3

to fifteen shots at Foster. It was not clearly erroneous for the district court to infer Barnes's intent to kill from this evidence.[1]

Second, the district court's analysis of the Section 3553(a) factors is not procedurally unreasonable. Barnes argues that the district court "relied too heavily on factors related to [his] criminal history" and "failed to sufficiently consider the nature and circumstances of the offense" and his "history and background." We review the district court's weighing of the Section 3553(a) factors for plain error because Barnes failed to object to the adequacy of this analysis at sentencing.

Barnes's challenge fails because he does not identify any procedural error in the district court's Section 3553(a) analysis. Barnes claims that the district court "almost exclusively relied on specific deterrence." But that is incorrect. The district court discussed Barnes's "extremely serious criminal conduct," "just punishment, respect for the law, and general deterrence." App'x at 114-16. It also considered the mitigating effect of Barnes's difficult upbringing and the fact that Foster fired the first shot. Barnes thus fails to show any procedural error in the district court's Section 3553(a) analysis, let alone one that is clear or obvious.

## II. Substantive Reasonableness

"Our review of a sentence for substantive reasonableness is particularly deferential, and

---

[1] Even if the district court erred in applying the cross-reference for attempted second-degree murder, any error was harmless. "Where we identify procedural error in a sentence, but the record indicates clearly that the district court would have imposed the same sentence in any event, the error may be deemed harmless." *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (quotation marks omitted). Here, the district court stated that its "ultimate sentence is not going to be different based on which of these [Guidelines] cross-references apply" because the Section 3553(a) factors called for the same sentence. App'x at 113. In the context of the arguments advanced by the parties during sentencing, this statement unambiguously indicates that the district court would have imposed the same sentence even if it had calculated the lower Guidelines range suggested by Barnes. Any procedural error in calculating the Guidelines sentence would thus be harmless because the district court would have imposed the same sentence in either case.

we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (cleaned up). "We will instead set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions" under the Section 3553(a) factors. *Cavera*, 550 F.3d at 189 (quotation marks omitted).

Barnes argues that the district court's sentence is substantively unreasonable because it "placed unreasonable weight on its own conclusion that Mr. Barnes's criminal history evinced some sort of incorrigible continuing pattern of criminal behavior." Barnes also contends that the district court "failed to give appropriate weight" to his personal history and the nature and circumstances of his offense, which "should have mitigated the imposed sentence substantially." We disagree.

First, the district court did not abuse its discretion in weighing the Section 3553(a) factors. "The particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge, with appellate courts seeking to ensure only that a factor can bear the weight assigned it under the totality of circumstances in the case." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (cleaned up). The record belies Barnes's claim that the district court's "goal of specific deterrence . . . could not bear the weight assigned to it under the totality of the circumstances and is unsupportable as a matter of law." The district court weighed specific deterrence with, among other things, Barnes's "extremely serious criminal conduct" and the need to "protect[] the public." App'x at 115-16. It also explicitly considered mitigating factors. The district court thus "dutifully exercised [its]

5

discretion in formulating a reasonable sentence" under the Section 3553(a) factors and, discerning no legal infirmity, "we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." *United States v. Fernandez*, 443 F.3d 19, 34 (2d Cir. 2006).

Second, the sentence imposed here is not "shockingly high." Barnes argues that "[t]his Court may not apply [a] presumption of reasonableness . . . because the district court sentence is not within a properly calculated Sentencing Guidelines range." But even if we were to withhold that presumption, the district court's sentence is not so high as to overcome "the deference we owe to district judges," *Cavera*, 550 F.3d at 197, considering Barnes's criminal history and the dangerousness of his conduct.

\* \* \*

We have considered the remainder of Barnes's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6