*United States v. White*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of April, two thousand twenty-five.

Present:
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                      24-66

RAYMOND WHITE, AKA SEALED DEFENDANT 1,
AKA JOHN RAYMOND ANTHONY WHITE, AKA
RAYMOND ALEXANDER WHITE,

> *Defendant-Appellant.*\*

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR APPELLEE:                          OLGA ZVEROVICH, (Jacob R. Fiddelman, Edward C. Robinson, Jr., *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:                MICHELLE ANDERSON BARTH, Law Office of Michelle Anderson Barth, Burlington, VT.

Appeal from a judgment of the United States District Court for Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On February 21, 2023, White pleaded guilty to six counts in connection with a fraudulent scheme to obtain a contract from the District of Columbia Army National Guard ("DCARNG") to build a munitions load crew training facility at Joint Base Andrews in Maryland:  one count of major fraud, in violation of 18 U.S.C. § 1031; two counts of wire fraud, in violation of 18 U.S.C. § 1343; one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A; one count of making false statements, in violation of 18 U.S.C. § 1001(a)(2); and one count of preparing false documents, in violation of 18 U.S.C. § 1001(a)(3).

On appeal, White makes three primary arguments.  First, he argues that the district court erred when it calculated the loss amount under the Sentencing Guidelines.  Second, he argues that the district court erred in concluding that a factual basis existed for his guilty plea to aggravated identity theft ("Count Four").  Third, he argues that his counsel was ineffective for failing to object to Count Four's factual basis.  We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

2

## I.      Application of the Guidelines

"This Court reviews a district court's application of the Guidelines *de novo,* while factual determinations underlying a district court's Guidelines calculation are reviewed for clear error." *United States v. Cramer*, 777 F.3d 597, 601 (2d Cir. 2015).   "A finding of fact is clearly erroneous only if, after reviewing all of the evidence, this Court is left 'with the definite and firm conviction that a mistake has been committed.'"   *Id.* (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).   "[I]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently."   *United States v. Mi Sun Cho*, 713 F.3d 716, 722 (2d Cir. 2013) (quoting *Anderson*, 470 U.S. at 573-74).

For certain federal offenses, including major fraud and wire fraud, Section 2B1.1 of the Guidelines instructs that the defendant's offense level should be increased when "loss" exceeds certain levels.   The loss calculation is "[b]y far the most consequential determination a district court must make when sentencing a defendant" for fraud, because loss can "increase the adjusted offense level by as few as zero or as many as 30 points, depending on the loss as measured in dollars."   *United States v. Turk*, 626 F.3d 743, 748 (2d Cir. 2010).   Loss is "the greater of actual loss and intended loss."   U.S.S.G. § 2B1.1 cmt. n.3(A) (2023).

Here, the district court calculated "actual loss," which encompasses "reasonably foreseeable pecuniary harm."   *Id.* at cmt. n.3(A)(i).   "Reasonably foreseeable pecuniary harm" is defined as the pecuniary harm that "the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense."   *Id.* at cmt. n.3(A)(iv).   It includes, among other things, "the reasonably foreseeable administrative costs to the government and other

3

participants of repeating or correcting the procurement action affected, plus any increased costs to procure the product or service involved that was reasonably foreseeable." *Id.* at cmt. n.3(A)(v)(II). As this Circuit has explained, "in some circumstances," acquiring substitute goods and services "may so easily be accomplished that the fraudulent substitution causes the victim only a small loss." *United States v. Canova*, 412 F.3d 331, 353 (2d Cir. 2005) (applying predecessor Guidelines application note governing procurement fraud and product substitution cases). But "[i]n other circumstances, where the goods or services must be recommissioned, the loss may be considerable." *Id.*

The district court properly determined that the "appropriate reference for determining the loss in this case is the difference between the contract that Mr. White was actually awarded and the revised contract that ultimately had to be awarded after the government withdrew from the contract with Mr. White." App'x at 393-94. White's argument that "[t]he government did not establish facts that demonstrated the reasonable foreseeability of the new design changes or inflationary market conditions" fails. Appellant's Br. at 38. Based on the record before it, the district court reasonably concluded that the differences between White's contract and the replacement contract were the reasonably foreseeable consequences of forcing a government agency to reprocure services at a later point in time after discovering the fraud. *See United States v. Robers*, 572 U.S. 639, 645-46 (2014) (explaining, in the restitution context, that harms resulting from "[m]arket fluctuations" are foreseeable and do not "normally" break the causal chain between the defendant's action and the victim's loss). "To accept [White's] argument would be to encourage would-be fraudsters to roll the dice on the chips of others, assuming all of the upside benefit and little of the downside risk." *Turk*, 626 F.3d at 750.

4

White's claim that the district court failed to take into account the value of the services that he rendered under the contract is similarly unavailing. Under the Guidelines, "actual loss" is reduced by the value of "[t]he money returned, and the fair market value of the property returned and the services rendered, by the defendant or other persons acting jointly with the defendant, to the victim before the offense was detected." U.S.S.G. § 2B1.1 cmt. n.3(E)(i) (2023). This Circuit has clarified that "[t]he Guidelines do not require a loss to be offset by any legitimate expenditures . . . but rather by 'value' that has been conferred on victims in the form of money or property returned or services rendered." *United States v. Byors*, 586 F.3d 222, 226 (2d Cir. 2009).

Here, White's expenditures, although legitimate, "conferred nothing of value and no benefit on his victims." *Id.* The $273,176.90 in payments that White received were not actually in exchange for services performed for DCARNG. They were reimbursements for "administrative expenses in the various initial stages of the contract." Appellee's Br. at 26; *see also* Appellant's Br. at 22 (identifying the payments as "reimbursements" for obtaining surety bonds, obtaining insurance, and the submission of certain plans related to construction). The district court thus did not err when it calculated the loss amount under the Sentencing Guidelines.

## II. White's Guilty Plea to Count Four

"Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). In other words, the court must "assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. Albarran*, 943 F.3d 106, 121 (2d Cir. 2019) (quoting *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997)). Rule 11(b)(3) "does not require that the court be satisfied that a jury would return a verdict of guilty or that the

5

court weigh evidence to assess whether it is even more likely than not that the defendant is guilty." *Id.* (internal quotation marks omitted).

To determine that there is a factual basis for the defendant's guilty plea, the district court may rely on the "representations of the defendant, of the attorneys for the government and the defense, [or] of the presentence report when one is available" at the time of the plea. *United States v. Culbertson*, 670 F.3d 183, 190 (2d Cir. 2012) (internal quotation marks omitted). But the court may not consider "materials not in the record at the time of the plea hearing," such as facts described in a presentence report prepared and filed after the change of plea. *United States v. Aybar-Peguero*, 72 F.4th 478, 486 (2d Cir. 2023).

"[W]here a defendant raises on appeal a claim of Rule 11 error that he did not raise in the district court, that claim is reviewable only for plain error." *United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006). Under the plain-error standard, the defendant must "demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Adams*, 768 F.3d 219, 223 (2d Cir. 2014) (internal quotation marks omitted). In the Rule 11 context, prejudicial effect means a "reasonable probability that, but for the error, the defendant would not have entered the plea." *Aybar-Peguero*, 72 F.4th at 487 (internal quotation marks omitted). In evaluating prejudice, "we, unlike the district court, are not limited to the record evidence at the time of the plea." *Id.*

A defendant is guilty of "aggravated identity theft" in violation of 18 U.S.C. § 1028A if he "uses, without lawful authority," the means of identification of another person "during and in relation to" one of the felony offenses listed in Section 1028A(c)—here, major fraud and wire

fraud. To constitute a Section 1028A violation, "the defendant's misuse of another person's means of identification [must be] at the crux of what makes the underlying offense criminal." *Dubin v. United States*, 599 U.S. 110, 114 (2023). When the underlying offense is fraud, the "at the crux" test is met if (1) the means of identification was "a 'key mover' in the predicate crime," *i.e.*, it "play[ed] some integral role in the success of the scheme"; (2) the means of identification itself was "'used in a manner that [was] fraudulent or deceptive'"; and (3) that "fraudulent use [was] 'at the locus of the criminal undertaking, rather than merely passive, passing, or ancillary employment in a crime.'" *United States v. Omotayo*, 132 F.4th 181, 194 (2d Cir. 2025) (quoting *Dubin*, 599 U.S. at 122-23, 131-32).

The Superseding Indictment alleges that White committed aggravated identity theft in two ways: (1) through his use of another individual's signature, and (2) through his use of another person's social security number.

On plain error review, we must determine whether White has shown prejudice, *i.e.*, that there is a "reasonable probability that, but for the [district court's purported error in accepting the plea based on an insufficient factual record], [White] would not have entered the plea." *Aybar-Peguero*, 72 F.4th at 487 (internal quotation marks omitted). After careful review, we conclude that White has not made this showing. In pleading to the conduct outlined in Counts 1-3 of the Superseding Indictment, White admitted to misrepresenting his identity, criminal history, professional background, and the identities of the individuals he employed as a part of his fraudulent scheme. In addition, the record shows that White used a false date of birth and another individual's social security number to mislead the Small Business Administration ("SBA") during its review of his guaranty application. In the course of his fraud, White also fabricated documents

7

in the name of an attorney and several accountants, and he fraudulently represented that he employed several real individuals, including a celebrated civil engineer who had died eight years before White procured the contract. Each of these actions was taken to obscure White's true identity—and to overstate the company's capacity to construct the training facility—in order to fraudulently procure the DCARNG contract and required SBA guaranty. These facts undercut any contention that White would have proceeded to trial but for the district court's purported error. On plain error review, we are not persuaded that there is a "reasonable probability" that White would not have entered a guilty plea on Count Four based on White's use of another person's social security number had the district court not accepted an alternate factual basis for his plea. *Aybar-Peguero*, 72 F.4th at 487 (internal quotation marks omitted).

## III.    Ineffective Assistance of Counsel

"We review *de novo* the issues of whether the defendant has met the two prongs of the *Strickland* test" for ineffective assistance of counsel. *United States v. DiTomasso*, 932 F.3d 58, 70 (2d Cir. 2019). "In order to succeed on a claim that he has been denied constitutionally effective assistance of counsel, the defendant must show both (a) 'that counsel's representation fell below an objective standard of reasonableness' and (b) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 69 (quoting *Strickland v. Washington*, 466 U.S. 668, 668, 694 (1984)). A court need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

When addressing ineffective assistance claims on direct appeal, this Court has three options: "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a

subsequent petition for [a] writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Lloyd*, 901 F.3d 111, 124 (2d Cir. 2018) (quoting *United States v. DeLaura*, 858 F.3d 738, 743 (2d Cir. 2017)).

We decide his claim on the record before us. We need not evaluate whether White's counsel's failure to object to the factual basis for aggravated identity theft in Count Four "fell below an objective standard of reasonableness" because, for the reasons discussed above, we are not persuaded that "the result of the proceeding would have been different" had defense counsel objected. *DiTomasso*, 932 F.3d at 70 (quoting *Strickland*, 466 U.S. at 668, 694)). This Court decides the ineffective assistance claim on direct appeal because its resolution is beyond doubt, and it is in the interest of justice to do so. *See United States v. Khedr*, 343 F.3d 96, 100 (2d Cir. 2003). The claim rises and falls with White's Rule 11 claim, and it benefits judicial economy to resolve them together without prejudice to White's right to bring a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on different grounds in the future.

\* \* \*

We have considered the remainder of White's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9