24-1700, 24-1701
*United States v. Hattersley*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand twenty-five.

PRESENT:
> RICHARD C. WESLEY,
> RICHARD J. SULLIVAN,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                          Nos. 24-1700,
                                                                                  24-1701

DAVID HATTERSLEY,

*Defendant-Appellant*.*

_____

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

_____

| For Defendant-Appellant: | Yuanchung Lee, Federal Defenders of New York, Inc., New York, NY. |
|---|---|
| For Appellee: | Samuel P. Rothschild, James Ligtenberg, Assistant United States Attorneys, *for* Danielle R. Sassoon, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Vernon S. Broderick, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 17, 2024 judgment of the district court is **AFFIRMED**.

David Hattersley appeals from a judgment of conviction following his guilty plea to four counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), for which he received a sentence of 108 months' imprisonment to be followed by three years of supervised release. On appeal, Hattersley challenges the procedural reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review the procedural reasonableness of a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence is procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted). Here, Hattersley contends that the district court erred in calculating his offense level by classifying him as a "career offender" under section 4B1.1(a) of the United States Sentencing Guidelines based in part on a prior conviction for attempted robbery in the third degree in violation of New York Penal Law §§ 110 and 160.05. The only dispute is whether Hattersley's conviction for attempted third-degree robbery qualifies as a predicate "crime of violence" under section 4B1.1(a).

At the time of Hattersley's offense, section 4B1.2(a)(1) defined a "crime of violence" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1) (2018). Application Note 1 to the guideline provided that this

3

definition "include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." *Id.* § 4B1.2 app. n. 1 (2018). Because Hattersley concedes that completed third-degree robbery under New York law is a crime of violence, the application note renders attempted third-degree robbery a crime of violence as well. On appeal, Hattersley argues that Application Note 1's inclusion of "attempt" is plainly inconsistent with the guideline's own definition of "crime of violence" and not entitled to deference under either *Stinson v. United States*, 508 U.S. 36, 45 (1993), or *Kisor v. Wilkie*, 588 U.S. 558, 573 (2019). As a result, Hattersley maintains that his prior conviction for attempted third-degree robbery is not a predicate "crime of violence" and that the district court's application of the career-offender guideline constituted procedural error.[1]

We have previously upheld the authoritative nature of Application Note 1. As we explained in *United States v. Jackson*, 60 F.3d 128, 131 (2d Cir. 1995), Application Note 1 "interprets and explains [section] 4B1.2 by listing offenses that constitute 'controlled substance offenses' and 'crimes of violence.'" The note

---

[1] The district court applied the 2023 version of the Guidelines, which now expressly incorporates Application Note 1 into the main text of the career-offender guideline. Hattersley argues that the version in effect at the time of his offense, which did not include that language, rendered the career-offender guideline inapplicable. He therefore asserts that "the *Ex Post Facto* Clause requires the use of the earlier version." Hattersley Br. at 18 (quoting *United States v. Kilkenny*, 493 F.3d 122, 127 (2d Cir. 2007)). Accordingly, that is the version we discuss.

simply "broadens the definition" of a controlled-substance offense and crime of violence by providing that they also "include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." *Id.* (internal quotation marks omitted). Since then, we have emphasized that *Jackson* "precludes *any further argument* that Application Note 1 improperly conflicts with the [career-offender] guideline text." *United States v. Richardson*, 958 F.3d 151, 154 (2d Cir. 2020) (emphasis added) (internal quotation marks omitted); *see also United States v. Tabb*, 949 F.3d 81, 87 (2d Cir. 2020) (noting that although some circuits have found that "Application Note 1 conflicts with the text of [section] 4B1.2(b) by including crimes that the Guideline text excludes," we "are not at liberty to revisit *Jackson*").

Hattersley nevertheless contends that the Supreme Court's subsequent decision in *United States v. Taylor*, 596 U.S. 845 (2022), requires us to revisit these prior precedents. But even if it could be argued that *Taylor* has effectively overruled *Jackson* – an issue that we do not reach today – any such error was clearly harmless in light of the district court's statements at sentencing.

We will deem a procedural error harmless and decline to order resentencing where "the record indicates clearly that the district court would have imposed the

5

same sentence in any event." *United States v. Cramer*, 777 F.3d 597, 601 (2d Cir. 2015) (internal quotation marks omitted). Here, the government asked the district court on the record if it would have imposed a different sentence "if the career offender issue had come out the other way." Hattersley App'x at 216. In response, the district court explicitly stated that "under [section] 3553(a), I would have come out to the same place" and "I would not have come out differently . . . with regard to the career criminal determination." *Id.* Given this "clear[]" and "unequivocal[]" statement by the district court, we are confident that any purported error would not have affected Hattersley's 108-month sentence and was thus harmless. *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009).

\*     \*     \*

We have considered Hattersley's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court