24-1449-cr
*United States v. Cooper*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand twenty-five.

Present:
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> BETH ROBINSON,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

>*Appellee,*

>v.                                                                          24-1449-cr

PRINCE W. COOPER,

>*Defendant-Appellant.*

---

FOR APPELLEE:                          Joshua Rothenberg, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

FOR DEFENDANT-APPELLANT:    Molly K. Corbett, Assistant Federal Public Defender, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Prince W. Cooper pleaded guilty to possession with intent to distribute more than 28 grams of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The district court (Sharpe, *C.J.*) sentenced Cooper to 106 months' imprisonment followed by four years of supervised release. Relevant here, the district court imposed the mandatory and standard conditions of supervised release prohibiting Cooper from committing "another federal, state or local crime"; unlawfully possessing or using "any and all controlled substance[s]" or related paraphernalia; or leaving "the judicial district without the permission of the court or probation officer." App'x at 13.

In November 2022, New York State police stopped Cooper on his way back from New York City and found 522 grams of cocaine in his car. App'x at 22. Following this traffic stop, officers from the U.S. Probation Office ("Probation") searched Cooper's apartment and discovered more than twelve ounces of cocaine, a large amount of marijuana, $1,400 in cash, and drug paraphernalia. Probation filed a revocation petition, arguing that Cooper had violated his conditions of supervised release by committing a crime and leaving the judicial district without permission. Cooper later pleaded guilty to possession of a controlled substance in violation of state narcotics law and received a term of five years' imprisonment.

Cooper admitted violating his conditions of supervised release. *See* App'x at 37. The district court (D'Agostino, *J.*) calculated a Guidelines range of 30 to 37 months' imprisonment. It sentenced Cooper to 12 months' imprisonment to follow his five-year term on the state narcotics conviction, finding the sentence appropriate under 18 U.S.C. § 3553(a) because Cooper had "regularly violated his conditions of release . . . by engaging in new criminal conduct." *Id.* at 43. Cooper did not object to this finding at his sentencing hearing, but he now argues that the "record does not support a finding of regular violations of conditions." Appellant's Br. at 10. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"A district court commits procedural error where it fails to calculate the Guidelines range[,] . . . makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory[,] . . . does not consider the § 3553(a) factors, . . . rests its sentence on a clearly erroneous finding of fact[,]" or "fails adequately to explain its chosen sentence" with "an explanation for any deviation from the Guidelines range." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (quotation marks omitted).

"[F]actual determinations underlying a district court's Guidelines calculation are reviewed for clear error." *United States v. Cramer*, 777 F.3d 597, 601 (2d Cir. 2015). "A finding of fact is clearly erroneous only if, after reviewing all of the evidence, this Court is left with the definite and firm conviction that a mistake has been committed." *Id.* (quotation marks omitted).

Cooper asserts that the "district court committed clear factual error by relying on Mr. Cooper's 'regular' violation of conditions when the record demonstrated he had not previously been the subject of any other supervised release violation." Appellant's Br. at 12. Although

Cooper had admitted two violations—leaving the district and committing a state offense—he now says those violations "occurred on the same day as part of the same conduct," so they were not "regular." *Id.* We disagree.

Cooper fails to show clear error in the district court's finding that he "regularly" violated his conditions of supervised release. Cooper and his counsel explained at the sentencing hearing that Cooper had broken his wrist at work in the *summer* of 2022. That injury "led him down a bad path" with painkillers, and so he "struggled to make financial ends meet and made these bad decisions that spiraled and brought him back into a situation that he was hoping to be out of for good and that he eventually became tangled up in." App'x at 39. The context supports an inference that the "situation" Cooper's counsel referenced was a return to drug dealing. Counsel further explained that there is no evidence suggesting Cooper was "living some sort of high life stemming from the sale of drugs here . . . the reality is that this was done because of some level of financial desperation, and he was trying to keep himself financially afloat." *Id.* Cooper testified that he acted "in the thick of it" because of his addiction to painkillers. *Id.* at 41. Probation also discovered scales, significant quantities of marijuana and cocaine, and drug paraphernalia at Cooper's residence. All of this supports an inference that Cooper's possession or sale of drugs was not limited to the one instance to which he admitted.

Cooper nevertheless contends that the cocaine and marijuana discovered in November evinced just one violation of his conditions of supervised release. But, based on this record, the district court's characterization of his conduct as "regularly violat[ing] his conditions of release . . . by engaging in new criminal conduct," *id.* at 43, does not give rise to the "definite and firm conviction that a mistake has been committed" required to show a clearly erroneous finding

4

of fact, *Cramer*, 777 F.3d at 601 (quotation marks omitted). Cooper thus fails to show any procedural error in the district court's Section 3553(a) analysis.

*     *     *

We have considered the remainder of Cooper's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5