23-6840-cr
*United States v. Williams*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand twenty-five.

Present:
> MICHAEL H. PARK,
> EUNICE C. LEE,
> MYRNA PÉREZ,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                            23-6840-cr

KEJUAN WILLIAMS,

> *Defendant-Appellant.*

---

FOR APPELLEE: ROSS WEINGARTEN, Conor M. Reardon, Assistant United States Attorneys, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

FOR DEFENDANT-APPELLANT: ANNA M. SKOTKO, Skotko Law PLLC, New York, NY.

Appeal from a judgment of the United States District Court for the District of Connecticut (Meyer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On January 25, 2023, Kejuan Williams pleaded guilty pursuant to a plea agreement to one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The plea agreement waived Williams's right to challenge the constitutionality of his statute of conviction. The government charged Williams after he fired approximately eight shots at a fleeing assailant. On July 18, 2023, the district court calculated a sentencing Guidelines range of 30 to 37 months and sentenced Williams to 48 months' imprisonment. Williams appeals, arguing that Section 922(g)(1) is unconstitutional and that his sentence is both procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

## I.     Conviction

"We review challenges to the constitutionality of federal statutes *de novo.*" *United States v. Griffith*, 284 F.3d 338, 345 (2d Cir. 2002).

We do not address the terms of Williams's plea agreement because his challenge to Section 922(g)(1) fails regardless of the appeal waiver. Since Williams's appeal, this Court has affirmed that "[o]ur holding in [*United States v. Bogle*, 717 F.3d 281, 281-82 (2d Cir. 2013),] survives *Bruen*." *Zherka v. Bondi*, No. 22-1108, ---F.4th---, 2025 WL 1618440, at *5 (2d Cir. June 9, 2025). We also clarified that Section 922(g)(1) is constitutional even as applied to

"nonviolent" felons. *Id.* at *22 ("[W]e reject [the] contention that the prohibition on possession of firearms by convicted felons violates the Second Amendment as applied to 'nonviolent' felons."). Accordingly, we affirm Williams's conviction for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

## II.     Sentencing

### A.     Procedural Reasonableness

"A district court commits procedural error where it fails to calculate the Guidelines range[,] . . . makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory[,] . . . does not consider the § 3553(a) factors, . . . rests its sentence on a clearly erroneous finding of fact[,]" or "fails adequately to explain its chosen sentence" with "an explanation for any deviation from the Guidelines range." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (cleaned up). "[F]actual determinations underlying a district court's Guidelines calculation are reviewed for clear error." *United States v. Cramer*, 777 F.3d 597, 601 (2d Cir. 2015). "A finding of fact is clearly erroneous only if, after reviewing all of the evidence, this Court is left with the definite and firm conviction that a mistake has been committed." *Id.* (quotation marks omitted).

Williams argues that the district court's sentence "was procedurally unreasonable because [it] relied on clearly erroneous factual findings and failed to adequately explain the evidence" supporting its application of a four-level Guidelines enhancement for defendants who "used or possessed any firearm . . . in connection with another felony offense." Appellant's Br. at 31; *see* U.S.S.G. § 2K2.1(b)(6). These arguments lack merit.

3

First, the district court did not clearly err in finding that Williams used his firearm in connection with attempted first-degree assault under Connecticut law. Williams claims that "[t]he evidence did not support the District Court's conclusion that [he] had 'specifically intended to cause injury to the assailant'"—the requisite intent for that felony. Appellant's Br. at 33 (quoting App'x at 171). But the district court's factual finding that Williams "willfully intended" to injure the assailant is not clearly erroneous. Surveillance footage shows that Williams ran toward his car, retrieved a gun, and fired approximately eight times down a hill in the direction of the assailant. Williams also confessed to the police that he "started shooting in the direction from where the guys were shooting at us" and he did not know whether he "struck anyone when [he] was shooting." App'x at 73. It was not clearly erroneous for the district court to infer Williams's intent to injure from this evidence.

Second, the district court's rejection of Williams's self-defense claim was not clearly erroneous. Williams argues that he could not have used his gun in connection with first-degree assault because he fired at the assailant only to protect himself and others. Under Connecticut law, however, Williams had a duty to retreat, and self-defense does not apply unless he actually and reasonably believed that the assailant's use of force was imminent. *See* Conn. Gen. Stat. § 53a-19. Video evidence shows that Williams did not retreat into the nearby building during or after the assailant's attack but instead ran toward his car to retrieve his gun. Moreover, Williams's own confession acknowledged that the assailant's use of force was not imminent because the assailant was in retreat when Williams opened fire. The district court did not clearly err in relying on this evidence to find that the government had refuted Williams's self-defense

4

claim, so there was no procedural error in its application of the four-level Guidelines enhancement under Section 2K2.1(b)(6).

## B. Substantive Reasonableness

"Our review of a sentence for substantive reasonableness is particularly deferential, and we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (cleaned up). "We will instead set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions" under the Section 3553(a) factors. *Cavera*, 550 F.3d at 189 (quotation marks omitted).

Williams argues that the "above-Guidelines sentence imposed here was unreasonable because the District Court failed to adequately consider [his] personal history and characteristics and varied upward based on factors already accounted for in the four-level Guidelines enhancement." Appellant's Br. at 38-39. He also contends that the district court failed to explain adequately its upward variance. We disagree.

First, the district court did not abuse its discretion in weighing the Section 3553(a) factors. "The particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge, with appellate courts seeking to ensure only that a factor can bear the weight assigned it under the totality of circumstances in the case." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (cleaned up). Contrary to Williams's claims, the district court explicitly considered his "very difficult childhood" and that he seemed "to have started in the right direction" as factors that "weigh in [his] favor." App'x at

5

218-19.   The district court simply found that those mitigating factors were outweighed by the dangerous nature of Williams's shooting, his continued possession of the loaded firearm in a crowded restaurant while evading arrest, and his history of firearms offenses.   The district court thus "dutifully exercised [its] discretion in formulating a reasonable sentence" under the Section 3553(a) factors and, discerning no legal infirmity, "we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor."   *United States v. Fernandez*, 443 F.3d 19, 34 (2d Cir. 2006).

Second, the district court's upward variance was not substantively unreasonable.   We cannot "presume that a non-Guidelines sentence is unreasonable" and may "take the degree of variance into account and consider the extent of a deviation from the Guidelines."   *Cavera*, 550 F.3d at 190 (cleaned up).   Williams argues that the district court "failed to provide an adequate explanation for the significant upward variance" imposed here.   Appellant's Br. at 39.   But the district court provided a "reasoned basis for exercising its own legal decisionmaking authority," *Cavera*, 550 F.3d at 193 (cleaned up), when it explained that an above-Guideline sentence "is appropriate here for largely the reasons that the government has talked about and on [its] careful consideration of all the facts of what happened and what led to ultimately the day of [Williams's] arrest," App'x at 220.   The district court added that a longer sentence was "really justified, in large part, because of what . . . is a just punishment" and the need "to make clear to" Williams— who already had three prior felonies—that his criminal activity has "got to stop."   *Id.*   "[O]nce we are sure that the [above-Guideline] sentence resulted from the reasoned exercise of discretion, we must defer heavily to the expertise of district judges."   *Cavera*, 550 F.3d at 193.   An eleven-

6

month upward variance for Williams's offense conduct and criminal history is thus not substantively unreasonable.

*     *     *

We have considered the remainder of Williams's arguments and find them to be without merit.   For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court